Cudd versus State Farm Mutual Automobile Insurance. I will accept the court's invitation to jump directly to the heart of my argument and it is this. The district court held that providing State Farm with a meaningful opportunity to invoke the appraisal process before filing suit is a condition precedent to filing this action. That was error because the policy language simply doesn't say that. The appraisal provision says either party may request an appraisal. It doesn't say the policyholder has to request an appraisal before filing suit. It doesn't say the policyholder has to give State Farm some kind of notice, an opportunity to request appraisal before filing suit. That language about meaningful opportunity and so forth is entirely in the policy. Well let's say we agree with you in terms of that not being a precondition to suit, but once the written request for an appraisal was received by your client, isn't that a provision that had to be complied with? Not as a condition for filing or maintaining suit. Right, we're gonna give you that, but in terms of once the letter or request was received. So State Farm did move to compel an appraisal. We did oppose it. The district court didn't resolve that. We have arguments about why appraisal is not required for this particular claim under the Georgia Supreme Court decision in McGowan and due to the nature of the systemic automatic and bad faith discount being applied by State Farm. But in any case, I mean wouldn't it be, I mean even setting aside all of those things just for the moment, wouldn't it be important for damages purposes? If the district court compels us to engage in appraisal after you send us back down, as I certainly hope you will, you know we would of course comply with that. And then turning back to the other part of it, I mean the contract does, at least it seems to me, does require you once it's State Farm to engage in the appraisal process. And I'm gonna add the same caveat just to make sure we're all on the same page, not as a condition of filing suit or maintaining suit. I agree, not as a condition of filing suit. I look at McGowan, even before the Supreme Court heard the appeal, the trial court had ordered the enforcement of the appraisal provision, right? Certainly did. So the propriety of that order compelling arbitration wasn't an issue in McGowan. What was an issue in McGowan is whether that appraisal, after completed and paid by State Farm, somehow moved or negated or resolved, among other things, the very breach of contract claim that we raise here. I would add this to, I'm not sure where you're thinking of going with this, but I don't think this court could enter an order saying we are reversing because this is not a condition precedent, but district court or, you know, Frank's client, you have to engage in appraisal after the case goes back down. And the reason I don't think you could do that is that wouldn't be a right for any reason. You'd be reversing what the district court did and State Farm filed no appeal, I'm asking you for that relief. And they would have had to, jurisdictionally, if you're going to do something other than affirm what the district court did. I'm sorry, so let's say we agree with you that the appraisal wasn't necessary as a precondition to suit, but that we will interpret and then therefore enforce the provision with respect to once a written request for an satisfied, you're saying that. So then what would the relief be? In that instance, we agree with you on one side, but we believe your client hasn't fully satisfied other obligations. You could do half of that. The only half of that you can do is to tell the district court, you know, you've got to reinstate the suit. I'm just gonna give counsel a second. It's okay. No, that's okay. You can tell the district court that you can reverse the district court. You must reverse the district court and reinstate the lawsuit. What happens after that with an appraisal is not before you. The district court didn't reach that question. Well, instead of just so you're in your argument is that instead of dismissing this without prejudice that the district court should have stayed the action for the appraisal process to be to occur. I certainly don't agree with that. Um, I, for the reason stated, the district court also don't believe that an appraisal is required. But our business today is simply whether it was a conditioned precedent. Because for you to reach an issue, the district court hasn't and said, here's how you have to rule in the future. You have to compel an appraisal would be beyond the scope of what you do here. But in constrain the provision and concluding, and I only speak for myself and just a question at this point is, um, if we concluded that it was not a conditioned precedent, the way, at least I think you would get there is by applying, of course, a plain language and saying that the reason it's not a conditioned precedent is because what triggers it is a request from State Farm and the request from State Farm did not. There's nothing about there's nothing else in the language of the contract that requires you to run an appraisal before you file a lawsuit. The only thing that triggers the appraisal is a request from State Farm. And so that kind of does beg the question about, okay, now State Farm has has made the request for an appraisal. And so that is something that the district court would have to address if we were to remand on that basis. And then it seems to me that there might be at least three options the district court would have. It could agree that it could decide that the case should be dismissed without prejudice while the appraisal process goes forward. It could abate the case while while the appraisal process goes forward, or it could conclude that, um, the case could go forward while the appraisal process goes forward. But in any case, in all of those cases, I think, consistent with a plain language of your contract, at least under the hypothetical I'm proposing, the district court would have to conclude that the appraisal would go forward. So why is that not so? I don't agree with the first of the three options you pose, which was dismissing the case without prejudice for an appraisal, because that's another way of treating the appraisal provision as a condition precedent. The other two options, which I think were to stay pending appraisal, or I suppose to sign an appraisal, I guess, have an appraisal but not a stay. Those are things the district court could do. I don't know whether the district court has to do them. We have arguments about why the district court does not. But again, that's not what we're here on. Thank you. Well, I just want to clarify with respect to Judge Rosenbaum's first option, which you now rejected, is that essentially a dismissal is equivalent or let's say requiring that the appraisal happen, which would essentially state the litigation is the equivalent of essentially making the appraisal a precondition to suit. No, if I understood Judge Rosenbaum correctly, the first hypothetical or the first possibility was the district court would dismiss without prejudice pending an appraisal. I mean, that's what the district court's already done. That is treating the appraisal as a conditioned precedent. Okay, I think you're saying the same thing. Maybe I think so, too, Your Honor. I think so, too. I know time is running. I want to briefly address a provision I think my brother will bring to your attention that says legal action may not be brought against us unless there has been full compliance with the policy. Our point on that is very simple. At the time we brought suit, no one had requested an appraisal. We were in full compliance with the policy. That argument simply begs the question of whether appraisal is a conditioned precedent. Um, okay, we we acknowledge an unpublished decision more versus travelers by this court. It is, of course, not binding. It is not persuasive with all respect. It was cited under Alabama law. Um, Alabama law. Alabama may trump Georgia in football, but Georgia controls controls. Roll tide, Your Honor. But, uh, Georgia law controls this dispute. Obsequious. Yeah, I'm talking to Lisa Bourne and Brett. Um, so time's winding down and we've dissented into football. Perhaps I should sit down and maybe it's time, Mr. All right. You're ours, Mr Diffley. Good morning, Your Honor's may please the court. Dan Diffley on behalf of State Farm. I apologize for my brief coughing fit back there. Wish I could say was an old lawyer's trick to distract, but it was not the solution to the problem that we've been talking about has passed. The solution was for the plaintiff to agree to the appraisal that was requested. They didn't do that. The policy is as clear as day that once it's requested, I'll get to condition proceeding in in just a minute. But once either party requested, it needs to go forward. The Georgia courts routinely enforce these appraisal provisions in sure. Let's say we agree with you that once they requested, and I don't know, I haven't spoken with my colleagues about this, but once let's say that we agree that once they requested the appraisal has to go forward, that doesn't answer what happens to the rest of the case while that's happening. Correct. So I'll get to that. I'll get to that now, Judge. I'd like to respond by answering it this way. Imagine if instead of filing the suit first, plaintiff sent a letter to State Farm and said, like he does in the complaint, you owe me an additional $670.25 for the total loss value of my car. I disagree with how you did it. And State Farm in response said, Okay, we agree with you. We're going to demand the appraisal and then the parties again. Pre suit. Go down that path, and the appraisal process is going forward. While that's happening, if the federal court and said I'm filing a lawsuit for breach and you didn't pay me or I don't like my calculation of total loss value, well, the court would dismiss that case in a minute, right? It would say you're going through this appraisal process. You're following the terms of policy. Dismissal is appropriate. We're really no different here because what the plaintiff did was just go ahead and for the first time they noticed they notified State Farm that they disagreed with the calculation. They happened to do it through a lawsuit. That doesn't change the requirements of the policy. It doesn't change the analysis of whether or not a claim should go forward in federal court. And that's what Judge Land in the district court got exactly correct when he said it was premature. It's no different than if we were in the world pre suit. We're in suit now. They filed the lawsuit. State Farm requested the appraisal. The appraisal process is gotta go forward. Dismissal is appropriate. And why is dismissal appropriate? Because we don't know what's going to happen through that appraisal process. It doesn't really matter what happens through that appraisal process based on the allegations in the complaint, because the allegations in the complaint are that that State Farm systematically and always applies this 8 to 9%. Um, I guess, you know, cut to to whatever the price otherwise would be. And, um, and and it's basically a fraudulent kind of operation. And so if you want to challenge that, then you've got a you're always going to have to pay these attorneys fees or appraisal fees or etc. Um, which would be fine if if weren't always going to be the case uniformly in every single situation where replacement value was provided that there was going to be this 8 to 9% cut. So that's what the argument is, right? And so so there are certain damages that would naturally flow from that situation if it turned out that situation was true. And I wonder what your response to that. Your Honor, I disagree. If you as to the underlying premise that the appraisal is almost a unnecessary step, but you didn't like my idea about why dismissal was appropriate. Because when I said we don't know what's going to happen, the appraisal, what if during the appraisal process, the valuation comes back lower than what State Farm provided? What if the parties have an issue with how the appraisal process was conducted? What if the State Farm insured says, Wow, I got a little bit more money. That's great. I don't want to continue to proceed or litigate or anything like that. Any number of things were could happen, which is why land was correct, ruling that the case premature. We shouldn't be presupposing what's going to happen. Well, we already know for sure that one of the things that will happen is there will be a payment for appraisals for appraisers, right? I mean, we know that is going to happen. And the problem here is that that is baked in to every single replacement cost that is offered. And so you're always going to have to pay these appraisal fees for these appraisal fees, regardless of whether or not, you know, it was justified in the case to apply the so called negotiation fee. And the question is the meaning of cash value in in the in the contract. And so that is why, at least it seems to me that there might be a reason for continuing the case. In the meantime, while the appraisals going on, Your Honor, the actual cash value. Well, let me take back as to the appraisal process and the fees that are incurred by the parties. It's part of that are part of the contract. So they are. They are. That's part of policy. It's no like that. It is just part of it. Part of the agreement between State Farm and its insurance, whether or not those become if your question is recoverable or part of the complaint or added to the case. Well, that's all stuff that could happen much later. We don't know what's going to happen through the appraisal process. Everything we're talking about, other than the fact that the parties are going to incur fees and doing it pursuant to the terms of the contract. We don't know what's going to happen. That's why dismissal is appropriate. That's the problem. I agree with you that in the normal in the normal course of, you know, considering the contract that appraisal fees would not be an issue at all. The reason that they are allegedly an issue here is because the plaintiff is alleging that in every single case you don't calculate a fair cash value that your definition of cash value, which was not disclosed previously, is is a fraudulent is basically a fraudulent representation of cash value because it it it gives a haircut of 8 to 9% on the actual cash value in every single case. And so it's impossible to get what is actual cash value in any case before and unless you pay the appraisal fees. And if you do that, then you're going to have to necessarily incur these appraisal fees. And so that makes your actual cash value, even if it's 100% less than your actual cash value should be. Because in every single case you must do this. This case. That's that's the problem that they're alleging your honor. But with the appraisal provision, the appraisal provision and the associated costs that come with it don't vary or not triggered by a particular insurance theory or disagreement. Whether the insured thinks the actual cash value that State Farm presented through its processes was by fraud by I just think my car's worth more money than State Farm does because the underlying comps were wrong. That's all irrelevant for the purposes of the appraisal provision. So and again, coming back to where do we go if the appraisal? That's why it's that's why dismissal is appropriate. Mr. Cud could go through the process and say you just use the wrong comps or gosh like we all do. We all think our stuff's worth more, right? What if what if the haircut was 90%? If the haircut in every single case was 90% of what otherwise would have been the actual cash value, would you agree that in that situation the appraisal cost would be part of the damages that the person would experience because in the in the allegation that this was a fraudulent scheme to undercut how much was actually due to every single one of your clients. Your Honor, that's an extreme. I appreciate that the court was asking that. I do want to say that this I realize we're not here to dive into the weeds of the negotiation adjustment processes, but it's not a haircut. But frankly, if it got to a point where it was just 90% and you know, work people with working knowledge of a particular car is worth $10,000 in State Farm is offering $1,000. Well, first of all, State Farm wouldn't do that. Second, there is a mechanism, right? And and and frankly, I would think if it was at that extreme, you get a letter back immediately or an email from the insurance saying, Well, wait a second. This is so far off. There's a process here, and I realize we're at the motion to dismiss stage, but there is an ongoing dialogue. Can I get an answer to the question, though? I mean, in that situation, would you agree that it would be a claim that could go forward right away? I would not until the appraisal process was finished, even though in every single case, there's a 90% haircut. Your Honor, I think it's so unlikely we would get there, but the appraisal provision again is not triggered by why. So I think that hypothetical. No, I agree. But the appraisal provision is not only triggered if somebody has a particular theory. It applies no matter. It applies no matter what. All right. So, um, let me ask this. Um, you said your opponent rejected participating in the appraisal process. Um, the district court, of course, dismissed the suit and interpreted the appraisal provision as a condition preceding your adversary has challenged that as an error of law and said, if participation in the appraisal process is required, it's ready to do so. Um, why can't we vacate and remand? Um, because it was legal error to conclude that condition preceding we say not a condition preceding. Um, and and just send it back. Your Honor, I think you could do that. But the proper course would what would be firm? Why would it be legal error to do that? Why would it be legal error to do it that way? Look at this. Say, Look, we don't think the appraisal provision, given that the request for appraisal didn't happen until after the suit was filed. We don't think that that can be viewed as a condition preceding. Uh, so it's just the district court heard and determining otherwise. Uh, and so we vacate the dismissal without prejudice based on that legal error sent back to the district court. That leaves everybody back in the position where the district court can say, Okay, I think you have to participate, Mr Gunn and appraisal. But up or shut your honor the because it would be legal error because there you can also judge what Judge Land ruled was that the case was premature. And I realize it's somewhat circular. That can't be right. Well, but it can't be under my hypothetically can't right, right? If we say it's not a condition preceding, that has to be wrong, doesn't it? Not in this, not in this factual pattern, your honor, because I take it, you know, condition proceeding. When you think about that, right, usually means there's some sort of performance that's triggered. I don't know how it could be by premature. Sure. If if there was no request for an appraisal before suit was filed because the request, excuse me, the filing of the suit was the insured's first time they did it through council filing a lawsuit in federal court, letting State Farm know that they disagreed. I go back to what I said earlier. If this came through a letter beforehand again, that case would be it would be dismissed in this circumstance is no different. Whether you call it just premature, whether you look at it like we do in the district court understanding analysis, whether you look at it as a condition proceeding, the state farm did not have any notice of a disagreement. So no one knew that appraisal was going to be initial an issue until they filed suit. They filed suit appraisals required. Well, then it's appropriate to wait and see what filing of the suit appraisal was required because after the suit was filed, State Farm required requested it. Isn't that right? Yes. And I agree. I misspoke there, Judge, but I don't see how we could be conditioned preceded. You don't see how it could be. You could say it's premature. It is pretty. I mean, it could be that State Farm wouldn't request an appraisal, right? Exactly right. And then we wouldn't be here. But once State Farm, which means it wasn't premature. No, Your Honor, but I realize it's circular, but there's no. I'm sorry. It's okay. Let me just ask you. Your client wrote this contract, right? Yes. And so if you wanted to have, if you want to have sort of an exhaustion requirement before a lawsuit was filed, you could have written it that way. Couldn't you? Yeah. But couldn't you have said before any legal action may be filed against us? You must about the cash value. You must give you must give us an opportunity to go through the appraisal process or something like that. I will acknowledge that it does not say that. But to my point about being premature and I know my time's up if I may. Well, Judge Buddha is gonna have a question for you as well. And then we're gonna be done. Okay. All right. So as it just as it relates to the issue of it being premature, the State Farm was not aware there was a disagreement about actual cash value until they filed suit. Before that, the plaintiff had the opportunity to request appraisal. After that, the plaintiff had the opportunity to request appraisal. And then, of course, State Farm did. And State Farm did. As soon as they did that, their lawsuits became premature. I realized it came after. But this just allows allowing this just allows people to try and have these types of arguments about McGowan and all that. I feel like we've moved on from that from the from the briefs. But that's our where I am on the on the premature issue. Judge, my question has to do with the fact that Mr Cut filed this action as a class action. And so what impact, if any, does your position that once, you know, the written appraisal is received, it halts or should halt the litigation? What impact does that have in terms of being able to proceed on the underlying claim that's being raised as Judge Rosenbaum articulated for purposes of advancing a class? So that's part of it. And then the second thing in the class definition, I don't believe right now it includes a requirement that every member of the class have gotten an appraisal. So does that mean that the class definition from your perspective also would need to be amended? So two things on that first on the initial question. At this point in time, the trial court is only going to test the claims of the name plaintiff as alleged in the there's not been a class certified hasn't been a class for certified. As it relates to that, Judge Abudu, the court probably picked up from the briefs. This is one of many of these cases pending around the country, different, different plaintiffs, different states, slightly different policies from state to state about these total loss evaluations. All of those issues about what happens to class certification, the class definition appraisal for each class member. Your Honor, I think that's great foresight for what's going to be coming next in these cases. But respectfully, we're not there yet in this particular case, just trying to deal with the threshold. I don't think that was before the threshold question of the appraisal. Right, but let's say he goes ahead and gets the appraisal for whatever reason he's still not satisfied with the outcome. He moves forward with this case with a proposed putative class. Does he need to therefore amend the class definition to include the appraisal requirement? I think he would have to. One, yes, Your Honor. He would also need to amend his complaint to address all of those facts. And then, of course, we would deal with the other insureds at class certification and applying the appraisal requirement to those insureds as well down the road. Okay. Okay. Thank you very much, Your Honor. Thank you, Mr. Diffley. Mr. Lauer, you saved two minutes. Oh, I'm sorry. I'm I had a few thoughts on what my brother said before I do. Do you want to lead off with any questions? Any of you? I'm curious your thoughts on the class action question. I understand that maybe we're getting too far ahead, but I do see that as a natural consequence in terms of how these cases forward. So to preview, there is a substantial base of Georgia authority holding that conditions like this can be satisfied by a named plaintiff on behalf of the class. It's also in federal law. For example, the filing of a single charge of discrimination by a Title seven plaintiff can exhaust that administrative requirement for the entire class. I'm confident we're gonna win that argument when they raise it. Um, the premature argument is just another way of saying condition. There's no daylight there and no difference there. That's my first thought. Um, my second thought is appraisal. Can't the appraisal requirement can't possibly be a basis to dismiss this lawsuit because that's really, uh, the issue in McGowan. I mean, as Judge Rosenbaum articulated under McGowan, there is a breach of contract claim here that must be resolved in court. The last footnote in McGowan, by the way, refutes colleagues argument that the appraisal fees are not damages because they're required by the policy speaks directly to and rejects that argument, adopting essentially the same analysis you just gave Judge Rosenbaum. Um, this may be bombing the rubble, but as far as the idea that a post suit refusal could be some basis to dismiss, you know, the only condition precedent in the policy talks about. You have to have been in full compliance when the action is brought and federal precedent and state president. And this is discussed in a reply brief. 21 to 23 is very well established that brought means filed. It doesn't mean maintained or continued. And if you thought it was even a close issue or a question, you'd have to resolve it for us because where they insured and they wrote the policy. So those were my thoughts on rebuttal. Are there any questions I can answer? Thank you, Mr Lowry. Thank you, sir. We always appreciate time being given back to us. We're gonna be in recess.